**American Fidelity Company v. Employers Mutual Casualty Company, Walter L. Kennedy, Walter L. Kennedy, Inc., Robert S. Harris, Florence Harris, Kirk Harris, Elaine Harris, Gale Harris, Robert L. Harris, Judy Harris, Marie Harris and Universal CIT Credit Corporation**

[264 A.2d 770]

No. 85-69

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed February 3, 1970

Motion for Reargument Denied April 9, 1970

*A. Pearley Feen,* and *Paul D. Sheehey,* Burlington, for Plaintiff.

*Ryan, Smith & Carbine,* Rutland, for Employers Mutual Casualty Company, for Defendant.

**Smith, J.** The appellant, American Fidelity Company, hereinafter known as American, brought an action for a declaratory judgment against the Employers Mutual Casualty Company, hereinafter termed Employers, and the appellee here, as well as the other named defendants, in the Washington County Court of Chancery. After hearing on the merits of the case, the chancellor made findings of fact, as well as amended findings of fact, upon which a judgment order was filed on June 13, 1969. In such judgment order it was adjudged that American was liable to the defendant Robert S. Harris, and the members of his family, under the terms of a policy of insurance issued to Harris by American for the medical expenses incurred by the Harris family, as the result of injuries received in an automobile accident. It was also adjudged that Employers was not liable for any part of such medical expenses. It is from this judgment order that American has taken its appeal here.

The factual situation which gave rise to this action for declaratory judgment arose because of an automobile accident, occurring in Massachusetts, which happened at a time when Harris was operating an automobile owned by Walter L. Kennedy, Inc., and bearing license plates issued to that corporation, which corporation was engaged in the business of selling new and used automobiles.

The insurance policy which Harris had purchased from American, and which was in full force and effect at the time of the accident and consequent injuries, provided, in addition to other coverage, that American would provide for the payment of certain medical and dental expenses to Harris and his relatives who might sustain injuries while occupying the automobile owned by Harris, or while travelling in a "non-owned" automobile operated by Harris, with certain conditions attached. The policy contained the following provisions with respect to other insurance:

> "Other Insurance: If there is other automobile medical payments insurance covered by Part II of this policy the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of all valid and collectible automobile medical payments insurance, . . . ."

Walter L. Kennedy, Inc., was insured with Employers on what is known as a Garage Liability Insurance policy. This policy included a medical payment provision covering all automobiles owned by the Kennedy company, if such automobiles were being operated with the permission of such corporation. This policy also contained an "excess insurance" clause similar to the one just quoted from the policy issued by American.

In addition to its main place of business in Chelsea, Vermont, Kennedy, Inc., engaged others to sell automobiles for them on a commission basis in towns other than Chelsea. One of such commission salesmen was a Henry E. Richards who operated a gasoline station in Windsor, Vt.

On March 13, 1965, a Friday, the defendant Harris went to Richards with the purpose of possibly buying an automobile through him. He was allowed by Richards to try out a certain Plymouth automobile, which Richards obtained from the Kennedy place of business in Chelsea, and which bore Kennedy license plates. Harris was told that he could try out the automobile over the weekend but was to bring it back Monday.

Richards had previously been informed by Walter Kennedy, President of Kennedy, Inc., at various times that he was not to allow prospective car customers to take any automobiles being tested outside the boundaries of Vermont. Upon his procuring the car to be tested from Richards, no mention was made by Harris that he intended to take the car out of this state, nor was he informed by Richards that he was forbidden to take the car outside of the state boundaries. However, it was while Harris was returning from a trip to Connecticut that he was involved in an accident in Massachusetts which resulted in the injuries to himself and family upon which arose this dispute between the contending insurance companies.

Under its petition for declaratory judgment, American does not contend that the Harris family is not entitled to receive any medical payments under the policy issued to them by American. The determination sought is that American is liable only for excess insurance over the coverage of Harris and family provided by the terms of the insurance policy issued by Employers to Kennedy, Inc.

Only two issues are presented to this Court for determination by American in its brief:

1. "A subsidiary issue in this case is whether the endorsement on the policy of Employers Mutual Casualty Company, which is referred to in Finding Number 13, is immaterial in the circumstances of this case."

Finding 13 reads as follows:

> "That said insurance contract, Defendant's Employers Exhibit B, has an endorsement thereon concerning 'other insurance' and it is as follows:
>
> 3. Other Insurance
>
> The insurance afforded by this endorsement shall be excess insurance over any other valid and collectible insurance available to the insured or to the claimant under the Automobile Medical Payments coverage; but if the other insurance is stated to be applicable only as excess insurance or on a contingent basis, then the company shall not be liable under this endorsement for more than its pro rata share of the loss as determined in accordance with the first paragraph of the Other Insurance Condition of the policy."

For the reason that this question can be summarily disposed of before proceeding to the more serious questions raised by American in the second issue, we will proceed to do so. The defendant, Employers, also agrees that this finding, which cites the "excess insurance" clause in the Employers contract of insurance with Kennedy, Inc., is immaterial. Our rule is that we do not consider exceptions to immaterial findings. *In re Hathorn's Transportation Company*, 121 Vt. 349, 356, 158 A.2d 464.

The second and real issue in the cause is stated by American to be whether the material findings support the judgment order.

Both parties in their briefs here have devoted much of their argument as to the effect on the judgment order rendered below in this cause of a previous judgment order, issuing from the Orange County Court of Chancery. This was the result of a declaratory judgment proceeding brought by Employers against Harris and family, seeking a declaration of its liability to Harris under the terms of its policy of insurance with Kennedy, Inc. The judgment order in the Orange County Court of

Chancery was that Employers had no liability to Harris and his family for the medical expenses they received as a result of the accident before related. American was not made a party to the action.

While the Washington County Court of Chancery did find that such a declaratory proceeding had been held in the Orange County Court of Chancery, and the terms of the judgment order in that case, it also makes a clear finding that it did not take such other judgment order into consideration in considering the issues presented to it in the cause before it.

> "26. The decree of the Court of Chancery for Orange County in the proceedings brought by Employers Mutual Casualty Company is not determinative of the obligations of American Fidelity under its policy, since it was not a party in said proceedings."

This finding, in effect, is a declaration by the chancellor that the Orange County judgment was not considered by it in its findings and final determination of the issues with which it was presented. The Washington County Court of Chancery makes clear that in arriving at its judicial order it considered only the facts produced before it at the time of hearing, and did not consider the judgment order of the Orange County Court as such a fact in arriving at its judgment on the liability of American to Harris on its policy.

No exceptions were taken to the findings of fact made below. The chancellor found (F. 21) that the policy of Employers, under its contract with Kennedy, Inc., provided medical payments for persons covered under such policy only to be effective if the automobile was operated with the permission of Walter L. Kennedy. The chancellor also found that Kennedy had given instructions to his agents and dealers not to allow prospective purchasers of automobiles owned by Kennedy to drive beyond the state line while testing or trying out a vehicle. (F. 16.) Also found by the chancellor was that Harris used the Kennedy automobile for a trip to Connecticut and that the accident which produced the injuries to Harris and his passengers occurred in Agawam, Massachusetts. Such findings support the judgment order that Employers was not liable under its policy for medical expenses caused to Harris and his family under the facts of the case.

It was not the claim of American that it was not liable under its contract of insurance with Harris for medical expenses incurred by him and his family as a result of the accident. Its claim here was that it was only liable under the circumstances of this case for excess insurance over that provided by the policy of insurance issued to Kennedy by Employers. The chancellor, having determined that there was no liability on the part of Employers, rightfully found that the plaintiff, American, was liable to Robert S. Harris and to the members of his family under the medical payment coverage of the policy with American for the medical expenses incurred by them in the accident of March 15, 1965. Harris had no coverage under the secondary insurer, Employers Mutual Casualty Company.

*The judgment order below is supported by the findings made by the chancellor. The entry is "Judgment Affirmed."*